SARA, ZORAIDA, PABLO, ANA MARÍA, LYLLIAN, CRUZ MARÍA y MARÍA PADILLO CARRILLO, representados por su madre con patria potestad María Carrillo, demandantes y apelantes, *v.* EMILIO ADAMS MACÍAS, demandado y DOMINGO RÍOS, interventor y apelado.

No. 6565.—*Sometido:* Marzo 19, 1934. *Resuelto:* Marzo 21, 1934.

*A. Díaz Viera,* abogado de los apelantes; *B. Dávila Rodríguez,* abogado del interventor apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En este caso la parte apelada solicita la desestimación del recurso por tres motivos, a saber: 1, porque la transcripción no contiene la del escrito de apelación, 2, porque tampoco contiene la de la exposición del caso, y 3, porque la apelación es frívola.

Se opusieron los apelantes acompañando copia certificada del escrito de apelación, del único documento que se tuvo en

cuenta para dictar la resolución apelada y de ciertas minutas de la corte. Pidieron a este tribunal que permitiera la incorporación a los autos de dichos documentos y declarara sin lugar la moción de desestimación por tratarse de un recurso que no es frívolo, sino meritorio.

■ En repetidos casos ha resuelto este tribunal que si la transcripción no contiene la del escrito de apelación, procede la desestimación del recurso. Sin embargo, si la existencia de dicho escrito se demuestra en debida forma y se pide que la transcripción se corrija incorporando a la misma la del escrito, puede ello decretarse en bien de la justicia, como lo decretaríamos en el presente caso de no proceder como procede la desestimación por los otros motivos alegados.

■ La transcripción elevada por el apelante contiene la de varios documentos. No figura en ella pliego alguno de excepciones, ni exposición del caso, ni transcripción de evidencia, ni relación de pruebas.

Se trata de un procedimiento ejecutivo hipotecario iniciado por Sara, Zoraida, Pablo, Ana María, Lyllian, Cruz María y María Padillo Carrillo, representadas por su madre con patria potestad María Carrillo, contra Emilio Adams Macías, en el que ordenada la venta de la finca hipotecada en pública subasta, compareció Domingo Ríos alegando ser dueño y poseedor de dicha finca con título inscrito en el registro de la propiedad y pidiendo a la corte que suspendiera el procedimiento de acuerdo con el número tercero del art. 175 del Reglamento para la Ejecución de la Ley Hipotecaria, por hallarse cancelada la hipoteca que se estaba ejecutando.

Siguiendo lo preceptuado en dicho artículo, el juez convocó a las partes a una comparecencia. La comparecencia se celebró y el propio apelante reconoce en su moción de oposición que Ríos presentó como prueba el certificado de compraventa que une a su moción y que según las minutas de la corte, copia de las cuales también acompaña a su moción, él no presentó su prueba porque la corte no se lo permitió.

Nada de ello consta en la transcripción radicada en esta corte y el medio de hacerlo constar era en verdad un pliego de excepciones, una exposición del caso o una transcripción de evidencia preparados en la forma que prescribe la ley, con intervención de la parte contraria y del juez sentenciador.

Y como por la narración que dejamos hecha surge la necesidad del pliego, exposición o transcripción para la decisión del recurso y la forma en que se propone corregir la omisión no es la legal, procede la desestimación solicitada.

■ Pero aun aceptando que no fuera así y que pudiéramos tomar en consideración el documento y las minutas para completar la transcripción, siempre tendríamos que declarar con lugar la desestimación, porque la apelación es claramente frívola.

El documento no sólo demuestra que Ríos adquirió la finca si que inscribió su título en el registro de la propiedad constando además al pie del mismo la siguiente nota puesta por el registrador:

"La hipoteca referida en la nota de inscripción del frente ha sido cancelada por nota al margen de la inscripción 7ª. folio 246, tomo 13 de Toa Baja.—San Juan, P. R., 28 julio, 1933.—Sin derechos.—(F^do.) José A. Vargas, Registrador Sustituto."

Y como la hipoteca a que hace referencia la nota era la misma que servía de base al procedimiento hipotecario cuya suspensión se pedía, actuó el juez en la única forma que podía actuar correctamente al decretar la suspensión, ya que de modo terminante ordena el precepto legal invocado, que:

"Los procedimientos sumarios a que se refiere esta sección, no podrán suspenderse por medio de incidentes ni por otro alguno, a instancias del deudor, del tercer poseedor, ni de ningún otro que se presente como interesado, salvo en los siguientes casos:

. . . . . . . . . . ,

. . . . . . . . . . ,

"3º. Si se presentare certificado del registrador, expresivo de quedar cancelada la hipoteca en virtud de la cual se proceda, o copia auténtica de la escritura pública de cancelación de la misma, con la nota de presentación en alguno de los registros en donde se haya de

tomar razón de ella, otorgada por el actor o por sus causantes o causahabientes, acreditándose también documentalmente el título de transmisión en su caso.'' Art. 175, Reglamento Ejecución Ley Hipotecaria, Comp. 1911, p. 1185.

Se sostiene por la parte apelante que el error del juez de distrito consistió en no haberle permitido presentar evidencia con la que hubiera demostrado que el título de Ríos carecía de eficacia legal.

En los *por cuantos* del auto apelado transcribe el juez de distrito la resolución que diera a la cuestión suscitada que a su vez transcribiremos íntegramente porque de ella surge con toda claridad lo acertado de la misma y por consiguiente la frivolidad de la apelación. Dice así:

''Conforme el art. 175 de la Ley Hipotecaria los procedimientos sumarios hipotecarios no podrán suspenderse por medio de incidentes ni por otro alguno, a instancias del deudor, de tercer poseedor, ni de ninguno otro que se presente como interesado, salvo entre otros casos, en aquél en que se presentare certificado del registrador expresivo de quedar cancelada la hipoteca en virtud de la cual se proceda, o copia auténtica de la escritura pública de cancelación de la misma, con la nota de presentación en alguno de los registros en donde se haya de tomar razón de ella, otorgada por el actor o por sus causantes o causahabientes, acreditándose también documentalmente el título de transmisión en su caso. Y añade la Ley, que todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad de título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo. Ríos ha ofrecido prueba documental para acreditar el título de trasmisión que le fué otorgado y que registró y del que aparece certificado del registrador expresivo de quedar cancelada la hipoteca de Padillo en virtud de la cual se procede. Contra esa prueba así ofrecida para demostrar que la hipoteca ha quedado cancelada en el Registro se intenta practicar prueba por los opositores no para demostrar que sea incierto lo alegado o que siendo cierto esté suspendida la nota de cancelación o algún otro hecho parecido, sino para sostener que el título de Ríos es nulo e ineficaz por defectos de origen.

"Al disponer la Ley que el Juez oirá a las partes y admitirá los documentos que se presenten no se refiere a otra cuestión que la precisa de aparecer o no en el Registro cancelada la hipoteca. Todas las demás reclamaciones que puedan formular los interesados se ventilarán en el juicio plenario que corresponda.

"No cabe dentro de este incidente escuchar y resolver acerca de si el título de Ríos es o no nulo. Esa es una reclamación para ser ventilada en el juicio plenario. Todo lo que en este incidente puede escucharse y resolverse es si la hipoteca según el Registro, aparece o no cancelada. Cuanto se diga del título que motivó u originó la cancelación de la hipoteca es inmaterial e impertinente. Lo que ahora tiene, por virtud de las disposiciones de la Ley Hipotecaria materialidad y pertinencia, es si la hipoteca que se trata de ejecutar figura ya en el Registro como cancelada o no.

"El propósito de la Ley al autorizar expresamente estos incidentes no es poner a prueba el título del deudor, de un tercero poseedor o de cualquier otro interesado. Por el contrario, lo prohibe, porque dispone, que todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores, y los demás interesados, se ventilarán en el juicio plenario que corresponda. El fin de la Ley al permitir incidentes de la presente naturaleza es sólo dar medio y oportunidad de que se le demuestre que no debe seguirse adelante el procedimiento ejecutivo porque la hipoteca que lo motiva ha dejado, conforme al Registro, de subsistir por haber sido cancelada; y que por consiguiente, nada hay que ejecutar."

A virtud de todo lo expuesto, *debe declararse con lugar la moción de la parte apelada, sin lugar la moción de la parte apelante, y desestimarse en su consecuencia el recurso interpuesto por la última.*